# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. GEARING,<br><br>    Petitioner,<br><br>v.<br><br>LEROY D. BACA, Sheriff of Los Angeles County, California,<br><br>    Respondent. | Case No. CV 10-1035-DSF (JEM)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

For the reasons set forth below, the Court orders Petitioner Thomas J. Gearing to show cause, on or before **March 26, 2010**, why the Court should not recommend dismissal of this action for failure to exhaust state remedies.

## SUMMARY OF PROCEEDINGS

In or about July 2007, Petitioner was convicted by a jury in Los Angeles County Superior Court of driving under the influence of alcohol and driving under the influence with a blood alcohol level of .08% or more, both misdemeanors (Cal. Vehicle Code §§ 23152(a), (b)). (Petition, Exh. 3.)

The Appellate Division affirmed the judgment on July 19, 2009, and issued a remittitur affirming the judgment on August 14, 2009. (Petition, Exh. 3.)

1    Petitioner filed a habeas petition in the Los Angeles County Superior Court on
2 October 13, 2009, which was denied on December 18, 2009.  (Petition, Exh. 1.)
3    Petitioner filed a habeas petition in the California Court of Appeal on February 2,
4 2010.  (Petition, Exh. 9.)  This petition is still pending.
5    On February 11, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus
6 pursuant to 28 U.S.C. § 2254 ("Petition").
7    It appears that Petitioner filed a petition for writ of mandate/prohibition with a request
8 for stay and a petition for review with request for stay in the California Supreme Court on
9 February 23, 2010.  (California Supreme Court public docket.)  Those petitions are still
10 pending.

## DISCUSSION

12    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a
13 petition for writ of habeas corpus brought under 28 U.S.C. § 2254 "shall not be granted
14 unless it appears that – (A) the applicant has exhausted the remedies available in the courts
15 of the State; of (b)(i) there is an absence of available state corrective process; or (ii)
16 circumstances exist that render such process ineffective to protect the rights of the
17 applicant."  28 U.S.C. § 2254(b)(1).  As a matter of comity, a federal court will not grant
18 habeas relief to a petitioner challenging a state conviction unless he has exhausted the
19 available state judicial remedies on every ground presented in the petition.  Rose v. Lundy,
20 455 U.S. 509, 518-22 (1982).
21    Exhaustion requires that the petitioner's contentions be "fairly presented" to the state
22 courts and disposed of on the merits by the highest court of the state.  See James v. Borg,
23 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d
24 225, 228 (9th Cir. 1979).  A claim has not been "fairly presented" unless the prisoner has
25 described in the state court proceedings both the operative facts and the federal legal
26 theory on which the claim is based.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Davis
27 v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th
28 Cir. 2005).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Thus, a claim is unexhausted where the petitioner did not fairly present either the factual or the legal basis for the claim to the state's highest court. See Picard v. Conor, 404 U.S. 270, 275 (1971).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v. Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000).

Based on the Court's review of the public docket, it appears that Petitioner has filed a petition for writ of mandate and a petition for review with the California Supreme Court. Both of those petitions are still pending and, therefore, have not been disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d at 228 (9th Cir. 1979). Thus, the Petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

## **ORDER**

IT IS THEREFORE ORDERED that, on or before March 26, 2010, Petitioner shall show cause why the Petition should not be dismissed for failure to exhaust state remedies.

***If Petitioner does not respond to this Order to Show Cause, the Court may recommend that the Petition be dismissed without prejudice for failure to exhaust state remedies, failure to comply with a court order, and/or failure to prosecute.***

Respondent may file a reply to Petitioner's response on or before April 2, 2010. The matter will be deemed submitted on the day after Respondent's reply is due.

DATED: February 24, 2010          /s/John E. McDermott
                                                   JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE